IRVING, J.,
for the Court.
¶ 1. Eric Bradshaw was convicted by the Clay County Circuit Court of the sale of cocaine and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Bradshaw’s attorney has filed a Lindsey brief in which she asserts lack of error in the trial court proceedings.[1]
¶ 2. In accordance with the requirements of Lindsey, as discussed later in this opinion, we have examined the record and found no meritorious issues requiring briefing by appellate counsel. Therefore, we affirm.
FACTS
¶ 3. Officers of the Tri-County Narcotics Task Force[2] met with a confidential informant on January 4, 2003, to go over the particulars of a controlled drug buy that would occur later that day at a hotel in West Point, Mississippi. After checking into a room at the hotel, the officers set up multiple surveillance cameras in the room *1124 and returned to their vehicles. The cameras transmitted a real-time visual of the room to video screens in the officers’ unmarked vehicles. In accordance with them plan, the officers left the confidential informant alone in the room. However, before leaving the room, the officers diligently searched the informant and the room for drugs. The officers remained in close proximity to the hotel in their unmarked cars and watched the video transmitted from the room. After Bradshaw received a page from the informant, he went to the room. Once there, Bradshaw sold cocaine to the informant and left shortly thereafter. The entire drug buy was captured on video.[3]
¶ 4. At trial, the surveillance videos were introduced into evidence and shown to the jury. The State presented testimony from the officers that the cameras were working properly during the drug buy and that the video presented at trial accurately represented the sale that they observed on January 4. The State further presented testimony of the informant who bought the cocaine from Bradshaw. The substance sold to the informant was positively identified as cocaine by a forensic scientist with the Tupelo Crime Lab. Bradshaw did not testify on his own behalf or offer any evidence at trial.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. As previously mentioned, our supreme court in Lindsey modified the process that must be followed when an appellate counsel does not believe his or her client’s case presents any arguable issues on appeal:
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4), (7); see also [Smith v.] Robbins, 528 U.S. [259,] 280-81, 120 S.Ct. 746, 145 L.Ed.2d 756, [(2000)] (stating that “[cjounsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the ease.”).
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and circumstances surrounding [the] arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her light to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing *1125 on the issue, regardless of the probability of the defendant’s success on appeal. (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Lindsey, 939 So.2d at 748(¶ 18) (internal citations omitted) (footnotes omitted).
¶ 6. Here, Bradshaw’s attorney filed a brief indicating that she thoroughly scoured the record and found no arguable issues for appeal. In her brief, she specifically asserts that she examined: (1) the reason for Bradshaw’s arrest and the circumstances surrounding the arrest, (2) any possible violation of Bradshaw’s right to counsel, (3) the entire trial transcript, (4) all of the trial court’s rulings, (5) any possible prosecutorial misconduct, (6) all jury instructions, (7) all exhibits, (8) any possible misrepresentation of the law in sentencing, (9) the indictment and all pleadings in the record, and (10) any possible ineffective counsel issues and any other possible reviewable issues. Bradshaw’s attorney further states in her brief that she informed Bradshaw that she found no arguable issues and advised him of his right to file a pro se brief. Bradshaw has not filed a pro se brief.
¶ 7. After a thorough review of the record, we find no arguable issue requiring supplemental briefing. Therefore, we affirm the trial court’s judgment of conviction and sentence.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. In Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005), the Mississippi Supreme Court modified the procedure, previously set forth in Turner v. State, 818 So.2d 1186, 1189(¶ 11) (Miss.2001), for appellate counsel to follow when counsel determines that an appeal lacks merit.

. The Tri-County Narcotics Task Force consists of the Clay County Sheriff's Department, the West Point Police Department, the Oktib-beha County Sheriff’s Department, and the Starkville Police Department.

. The surveillance tapes showed Bradshaw entering the hotel room. The informant indicated to Bradshaw that he was interested in buying fifty dollars’ worth of crack cocaine. The informant and Bradshaw then walked in the bathroom area of the hotel room — an area that the surveillance camera was not able to capture. Immediately after leaving the bathroom area, the informant shook a bag of cocaine rocks in front of the camera to indicate that the drug buy had occurred.